**STATE, ex rel. LAZARON, Relator, v. HARRELL, City Mgr. et, Respondents.**

Common Pleas Court, Hamilton County.

No. A-145180.   Decided December 15, 1954.

Sol Goodman, Harry Falk, Cincinnati, for relator.

Henry M. Bruestle, City Solicitor, Wallace M. Power, Asst. City Solicitor, Cincinnati, for respondents.

## OPINION

By WEBER, J.:

The plaintiff, James Lazaron, filed his petition praying for a writ of mandamus against C. A. Harrell, City Manager of the City of Cincinnati, and the Civil Service Commission of the City of Cincinnati, commanding said respondents to take action to reinstate said James Lazaron to his position in the classified service of the City of Cincinnati, namely Assistant

Engineer in the Sewage Disposal Section, Division of Engineering, from which position he was discharged by notice dated September 7. 1954 and signed by said C. A. Harrell. Said notice enumerated statutory grounds of discharge, namely, "inefficiency, insubordination, neglect of duty and violation of the provisions of the Civil Service Law," and further alleged in detail facts upon which said grounds of discharge were based.

Petitioner based his claim for reinstatement upon two grounds:

(1) That each of said charges is ungrounded in fact and do not state a ground for dismissal in law, and further that the charges were based upon an accumulation of minor offenses, not shown on the rating reports which were required to be and were filed every six months.

The following principals are well settled:

"That if the charges are of the kind which the law recognizes, then the Court will not inquire into the question whether the charges were sustained by evidence, or not, unless fraud is alleged." State, ex rel. Savage v. City of Cleveland, 20 C. C. (N. S.) 250.

"The decision of the Civil Service Commission in affirming an order of discharge by the appointing officer is final and the Court will not interfere by mandamus, if the action is within the scope of its authority and the order of removal is predicated upon one or more of the causes set forth in the statute." State, ex rel. Baker v. Toledo State Hospital, 88 Oh Ap 348.

"The Common Pleas Court cannot reverse because the penalty is too severe as adjudged by the Commission." Armbruster v. City of Middletown, 74 Oh Ap 321.

"The discharge may be based upon a single act." State, ex rel. Hardesty v. Wells, Director of Public Service, 121 Oh St 139.

Rule XVII, Section 2, Rules of the Civil Service Commission of the City of Cincinnati provides:

"Any employe may be dismissed upon suitable proof of any specific overt act or facts embraced within the general statutory reasons specified in the State Civil Service Law or he may be dismissed in consequence of an accumulation of considerations or acts of lesser consequence pointing to the desirability of his removal."

It is clear from the above quotations that the contents of the required rating reports may be evaluated but are not the sole evidence upon which the decision of the commission may be based. Several acts of insubordination were set forth in the notice of discharge and it may be that the decision of affirmance was based solely upon one or more of these acts, or upon these acts in connection with the contents of the reports, even though, as set forth in the stipulation, which was filed, said reports indicated no reprimands, suspensions or disciplinary action during the preceding four years nor contained any statements covering the incidents alleged in the charges. The evidence submitted at the hearing is properly not before the Court and the Court cannot inquire into the correctness of the conclusion reached or whether the punishment administered is too severe.

. For the foregoing reasons the first ground of complaint does not entitle the plaintiff to a writ of mandamus ordering his reinstatement.

The second ground upon which the petitioner asks for reinstatement is that the three persons who held the hearing and rendered the decision of affirmance do not legally constitute the Civil Service Commission of the City of Cincinnati.

In accordance with the provisions of Article V of the Charter of the City of Cincinnati the three persons appointed to the Civil Service Commission of the City of Cincinnati are James Morrison, Chairman, John J. Hurst, Vice Chairman, and Charles Urban. John J. Hurst was not present and in no way participated in the hearing or the decision. James Morrison designated and appointed W. D. Heisel, who was then acting as a Civil Service Secretary, to act and he did participate in the hearing and in making the decision of the affirmance in place of said John J. Hurst.

The Court is of the opinion that said body had no right to hear the evidence and render a decision. Rule XVII Section 3 of the Rules of the Civil Service Commission of the City of Cincinnati provides:

"The Commission shall hear the appeal within thirty days from the date such appeal is filed with the Commission."

Section 4 of said rule provides:

"The Commission shall hear the evidence upon the charge and specifications filed with it by the appointing authority. * * * and the Commission shall, after due consideration, render its judgment affirming, disaffirming, or modifying the action of the appointing authority."

It is clear that the above rules require the hearing and decision to be by the Commission created according to Article V of the Charter of the City of Cincinnati. It may be, as implied in the case of **Industrial Commission of Ohio v. Evans, Judge, 99 Oh St 56** that the two members, in the absence of Mr. Hurst, could have legally heard the evidence and rendered a unanimous decision. But since it is impossible to evaluate the influence which one member of the Board may have had upon the others in reaching their decision, it is impossible to eliminate the nonmember of the Commission and by so doing treat the decision of affirmance as the decision of the two duly appointed members of the Commission and therefore of the Civil Service Commission.

However the City Solicitor contends that, even though the hearing and decision of affirmance was not by the legally constituted Civil Service Commission of the City of Cincinnati, the hearing was held and the decision made by a duly appointed "trial board." **Sec. 143.27 R. C.** provides, relative to the State Civil Service Commission:

"The Commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal, * * * and it may affirm, disaffirm or modify the judgment of the appointing authority and the Commission's decision is final."

**Sec. 143.30 R. C.** provides:

"Such Civil Service Commission (that is a City Commission) shall

prescribe * * * and enforce rules not inconsistent with §§143.01 to 143.48 R. C., inclusive for * * * removals * * * The procedure applicable to * * * removals, as provided for in §§143.26 and 143.27 R. C., shall govern the civil service of cities."

If it be assumed that under these provisions of the Revised Code, a City Civil Service Commission ordinarily had authority to appoint a trial board, the Court concludes that there was no duly constituted trial board in this case for two reasons:

(1) This body was a hybrid board, consisting of two members of the Commission and a nonmember who was an employee of the Commission. The rules provide that the Commission shall affirm, disaffirm or modify the action of the appointing authority and its decision is final, which means that if a trial board is used its finding must be reported to the Commission and the Commission must make the decision. In this case those who constituted the so-called trial board also made the final decision of affirmance.

(2) The Civil Service Commission of Cincinnati has no authority to appoint a trial board. In the exercise of its authority to prescribe and enforce rules, not inconsistent with the provisions of the Code of Ohio, for removals, it deliberately omitted from its rules (See Rule XVII, Section 4, supra) the provisions for the appointment of a trial board. The plaintiff has not been afforded such a hearing as is provided by the Civil Service Rules of the City of Cincinnati.

The Court holds that since the action of the appointing authority, the City Manager, ordering the discharge of the plaintiff, can be affirmed, disaffirmed or modified only by the duly constituted Civil Service Commission of Cincinnati, after a hearing by it, and no such hearing has been afforded to the plaintiff, the order of discharge made by the City Manager remains in full force and effect until the duly constituted City Civil Service Commission hears the evidence and renders its decision in compliance with the provisions of Section 4, Rule XVII of the Rules of the Civil Service Commission of the City of Cincinnati. Consequently this Court has no authority to issue a writ of mandamus commanding the appointing authority to reinstate the plaintiff and such a writ is hereby denied.

The Court further holds that a writ of mandamus should be and is hereby allowed commanding the City Civil Service Commission to hear the evidence and render a decision in compliance with the duty specifically enjoined upon it by Section 4, Rule XVII of the Rules of the Civil Service Commission of the City of Cincinnati.

Please present an entry.